## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN D. DUNCAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01713-HEA |
| | ) | |
| ALAN WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on self-represented plaintiff Brian D. Duncan's application to proceed in the district court without prepaying fees or costs. Based on the financial information submitted in the application, the Court will grant the application. Additionally, for the following reasons, the Court will dismiss this case on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), a Court must *sua sponte* dismiss an indigent plaintiff's complaint or any portion thereof which (1) is frivolous  or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

## The Complaint

Plaintiff brings this action against defendant Alan Wells for "gangstalking, exploitation, human experimentation by cyber means. Torture of a [disabled] [veteran] by cyber mean[s] causing disfigurement and [permanent scaring.] Genocide. Victimizing a victim, wrongful dea[th]." Although unclear, it seems plaintiff is alleging defendant violated an unknown federal communications law. He states that several different applications on electronic devices (*e.g.*, inhabitation apps, choking apps, illegal arm apps, tooth decay apps, etc.) have caused him physical and mental health injuries. For relief, plaintiff claims damages in the amount of $80,000 for "false arrest . . . time in jail under cyber attack" and $500 million for "human experimentation torture."

## Discussion

Although the Court is to construe plaintiff's complaint liberally on initial review, plaintiff's complaint does not contain any well-pleaded facts that demonstrate any plausible claims for relief against defendant. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless"; alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Because the Court finds plaintiff's complaint lacks an arguable basis in either law or fact and the allegations are clearly baseless, it will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Brian D. Duncan's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

-2-

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot.** [ECF No. 2]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of December, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE